IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**MICHELLE MCDONALD**, *Individually,*
*and on behalf of herself and other similarly*
*situated current and former employees*,

Plaintiff,

v.                                                                                         NO. _____

**CARERITE CENTERS, LLC,**
*A New Jersey Limited Liability Company,*              **FLSA Opt-in Collective Action**

Defendant.                                                                  **JURY DEMANDED**

### PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Named Plaintiff, Michelle McDonald ("Plaintiff"), individually, and on behalf of herself and all other similarly situated licensed practical nurses ("LPNs") and certified nursing assistants ("CNAs") as a class, brings this Fair Labor Standards Act ("FLSA") collective action against CareRite Centers, LLC ("Defendant") and shows as follows:

#### I.  NATURE OF SUIT

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated hourly-paid employees, as defined herein.

2. During all times material, Defendant violated the FLSA by failing to pay Plaintiff and other similarly situated hourly-paid employees for all hours worked over forty (40) per week within weekly pay periods at one and one-half their regular hourly rate of pay, as required by the FLSA.

## II. PARTIES

3. Plaintiff Michelle McDonald was employed by Defendant as an hourly-paid LPN within this district at all times material to this collective action. Ms. McDonald's consent to join form is attached as *Exhibit A*.

4. Defendant CareRite Centers, LLC, is a limited liability corporation currently conducting business in this district with its principal offices located at 180 Sylvan Ave #2519, Englewood Cliffs, New Jersey 07632.

## III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant does business in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

## IV. CLASS DESCRIPTION

7. Plaintiff brings this action on behalf of herself and the following similarly situated persons as a class:

> All current and former similarly situated hourly-paid LPN and CNA employees of Defendant during the applicable limitation's period (*i.e.,* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

## V. COVERAGE

8. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning

of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. Throughout the statutory recovery period applicable to this action, Defendant knew the law required that the employees who worked for them to be paid overtime for each hour they worked over forty (40) in any given workweek.

12. At all times material to this action, Plaintiff and those similarly situated, as employees of Defendant, were engaged in commerce during all times material to this collective action.

13. At all times material to this action, Defendant has been "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

14. At all times hereinafter mentioned, Plaintiff and those similarly situated were "employees" of Defendant as that term is defined in the FLSA and, individual employees engaged in commerce or in the production of goods for commerce, as required by 29 U.S.C. §§ 206–207.

## VI. FACTUAL ALLEGATIONS

15. Defendant provides rehabilitation and healing services to patients at its centers located in Tennessee, New Jersey, Florida, and New York.

3

16. Plaintiff Michelle McDonald was employed by and worked for Defendant as an hourly-paid LPN at its Creekside Center for Rehabilitation and Healing location at 306 W. Due West Avenue, Madison, Tennessee and its Nashville Center for Rehabilitation and Healing location at 832 Wedgewood Avenue, Nashville, Tennessee 37203 during all times material to this action.

17. Defendant established and administered the pay and time keeping practices of Plaintiff and class members during the three years preceding the filing of this collective action.

18. Plaintiff and other similarly situated hourly-paid employees worked in excess of forty (40) hours per within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

19. At all times material, Defendant had a centralized time keeping system for the purpose of recording the hours worked by Plaintiff and class members which system involved a "clocking-in" and "clocking-out" process as well as an "editing-in" and "editing-out" feature.

20. Defendant's time keeping system automatically "edited-out" a 30-minute unpaid meal period of Plaintiff and class members for each of their shifts.

21. Defendant's time keeping system asked Plaintiff and class members as they "clocked-out" at the end of their respective shifts if they had taken an uninterrupted lunch.

22. If they answered "yes" to the question, the 30-minute unpaid meal period continued to be "edited-out" of their time for each such shift. Supposedly, if they answered "no" to the question, the unpaid 30-minute time would to be "edited-in" into their compensable time for such shift.

23. However, Plaintiff and class members were instructed and directed by management

4

members to always answer "yes" to the question whether they had taken an uninterrupted lunch break or not.

24. They were further informed if they answered "no" to such question they would be written up (disciplined) for doing so and be subject to termination if they repeated to do so.

25. Given the job duties and responsibilities of Plaintiff and class members, they frequently were not fully relieved of their job duties and responsibilities and/or, performed job duties, during such 30-minute meal periods within weekly pay periods during all times material to this action.

26. However, they were not allowed to answer "no" to the aforementioned question and therefore such time was not "edited-in" to their compensable time for each such shift. Neither were Plaintiff and class members compensated in any other way at the applicable FLSA overtime rates of pay for such 30-minute unpaid lunch periods when they were not fully relieved of their job responsibilities and/or performed work duties during such shifts.

27. As a result, Plaintiff and class members were not compensated at the applicable FLSA overtime rates of pay for their 30-minute lunch periods during which they performed job duties and/or, were not fully relieved of their job duties, within weekly pay periods at all times material to this action.

28. Defendant was aware it was not compensating Plaintiff and class members at the applicable FLSA overtime rates of pay for such unpaid meal break times within relevant weekly pay periods at all times material.

29. The unpaid "edited-out" meal period claims of Plaintiff and class members are unified by a common theory of Defendant's FLSA violations.

30. In addition to the "edited-out" 30-minute meal periods, Plaintiff and class members were,

for a period of time, prevented from recording their compensable work hours into the system.

31. Although Defendant later compensated Plaintiff and class members for their unrecorded time, they were only paid at their regular rate of pay for hours over 40 per week as well as for hours 40 or under per week.

32. As a consequence, Plaintiff and class members were not paid for their hours worked in excess of 40 per week at the applicable FLSA overtime rates of pay during the period in which Defendant's time keeping system was not recording their compensable work time.

33. Defendant therefore is liable to Plaintiff and class members for such unpaid overtime hours at the applicable FLSA overtime rate of pay within weekly pay periods during the aforementioned time keeping glitch.

34. Moreover, in an effort to remain within its budgeted labor cost Defendant had a common plan, policy and practice of requiring its management staff to force, require, entice, induce and/or, suffer and permit, Plaintiff and class members to perform work while not "clocked-in" to its time keeping system, including but not limited to:

    (a) Performing work prior to "clocking-in" to its time keeping system, such as "off the clock" work observing and assisting patients, stocking supplies needed during their respective shifts, coordinating with other employees ending their shifts regarding any pending matters in their unit, etc., and

    (b) Performing work after "clocking-out" of their respective shifts, such as "off the clock" work to finish reports, other necessary paperwork and work tasks specific to their respective unit.

35. Plaintiff and class members performed such "off the clock" work within weekly pay

6

periods during all times material but were not compensated at the applicable FLSA overtime rates of pay for such work while not "clocked-in" to Defendant's time keeping system.

36. The unpaid "off the clock" wage claims of Plaintiff and class members are unified by a common theory of Defendant's FLSA violations.

37. On information and belief, Defendant also had an improper "rounding off" time keeping policy and practice in which some of Plaintiff and class members compensable time between their "clock-in" time and their shift start time was "edited-out" of their recorded time and, some of the time between their shift start time and "clock-in" time also was "edited-out" of their recorded time, all on an unequal basis to the benefit of Defendant.

38. These "edited-out" wage claims of Plaintiff and class members are unified by a common theory of Defendant's FLSA violations.

39. Defendant's aforementioned "edited-out" and "off the clock" violations were willful and in reckless regard to well established FLSA principles and regulations and, without a good faith basis.

40. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and class members situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation as well as other damages.

41. The net effect of Defendant's common plan, policy, and practice of practice of failing to pay Plaintiff and class members the applicable FLSA overtime rates of pay for all hours worked over 40 within weekly pay periods during all times material to this collective action, is that it unjustly enriched itself and enjoyed ill-gained profits at the expense of

Plaintiff and class members.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

42. Plaintiff brings this case as a collective action on behalf herself and other similarly situated hourly-paid employees pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

43. Plaintiff seeks to pursue her aforementioned unpaid overtime wage claims against Defendant on behalf of herself, individually, and on behalf of herself and all other similarly situated hourly-paid employees as a class.

44. Plaintiff and class members are "similarly situated" for purposes of 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay and time keeping system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

45. Moreover, Plaintiff and class members are similarly situated relative to this action because they were subjected to Defendant's common plan, policy and practice of forcing, requiring, enticing, inducing and/or, suffering and permitting, them to work "off the clock" in order to stay within its budgeted labor cost.

46. This action also is properly maintained as a collective action because of Defendant's flawed time keeping system that deprived Plaintiff and class members of wages required by the FLSA.

47. Moreover, the aforementioned unpaid "edited-out" and "off the clock" wage claims of Plaintiff and class members are unified by common theories of Defendant's FLSA violations.

48. The collective action mechanism is superior to other available methods for a fair and

8

efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

49. Plaintiff will fairly and adequately protect the interests of the class as her interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims

50. Counsel for Plaintiff will adequately protect her interests as well as the interests of all putative class members.

51. Defendant knew Plaintiff and class members performed compensable work that resulted in excess of forty (40) hours per week within weekly pay periods and required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

52. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime provisions, which conduct caused significant damage to Plaintiff and the collective class.

53. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

54. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to properly compensate them for their aforementioned unpaid overtime pay.

55. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

56. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

57. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in all of Defendant's facilities.

58. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

59. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

60. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

61. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiff and class members also have engaged in interstate commerce during all times material to this action.

62. At all times material, Defendant was an "employer" of Plaintiff and each of the class members, as such term is defined by the FLSA.

63. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

64. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

65. Defendant failed to compensate Plaintiff and class members for all hours over 40 per week within weekly pay periods during all times material herein at the applicable FLSA overtime rates of pay, based on allegations as previously described.

66. Defendant therefore is liable to Plaintiff and class members for such unpaid overtime compensation.

67. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

68. Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

69. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

70. Defendant's actions were not in good faith.

71. The unpaid "edited-out" and "off the clock" wage claims of Plaintiff and the class are

11

Case 3:21-cv-00126   Document 1   Filed 02/16/21   Page 11 of 13 PageID #: 11

unified by common theories of Defendant's FLSA violations.

72. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

73. Specifically, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend his Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and class members may be entitled; and

k) Provide further relief as the Court deems just and equitable.

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 16, 2021.                Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

***ATTORNEYS FOR PLAINTIFF***